24-7052, counsel for appellant, if you'd make your appearance and proceed please. May it please the court, good morning, I'm Neil Van Dalsom, I represent the appellant Jerry Asbill. I aspire to reserve three minutes for rebuttal. I'd like to begin my discussion of the issue of the limitations that were placed on defense counsel's use of the preliminary hearing testimony. To provide a little context for that issue, prior to trial, TC had given two different accounts of the reported events at the hotel. She had given a forensic interview and in that she contended that there was an actual rape that occurred upon checkout and at a preliminary hearing she testified under oath that at checkout there was touching but it did not involve penetrative sex. So going into trial, that's what defense counsel understands her allegation to be. She takes a stand at trial and her story is that there was a rape incident right after check-in. That was new. Defense counsel is faced with the task of cross-examining her about this completely new account with her prior testimony that described an account on a different day. And after establishing that, hey, this is your preliminary hearing testimony, you do remember this is your testimony, tried to ask questions to establish that she had not testified to penetrative sex at the hotel at the preliminary hearing. So was it your understanding at the preliminary hearing that this was impeachment evidence? It's impeachment evidence to the extent that it contradicts her testimony, but it's also sworn testimony and it's inconsistent with her trial testimony, so it's also admissible as substantive proof. But you didn't make that argument, the substantive proof argument. I'm trying to understand if there's a delta between your position at trial and your position on appeal with respect to the quality of that evidence. Is it impeachment below and substantive here or did you make an argument that it was also admissible as substantive evidence? There was not an argument contemporaneously made that this is substantive evidence. It's just an effort to examine the witness and it is substantive evidence. The government's position is, well, no, it's not substantive evidence because it's not inconsistent. But the preliminary hearing testimony is fundamentally inconsistent in a couple of ways. One is the effort was being made to establish the reality that at the preliminary hearing, it was described as touching only, but we had to check out and so that's as far as it went. That is completely different than what was testified to at trial. The nature of the act is completely different. Another way that it's complete at trial was not the testimony related to the day they checked in the 16th. It was, but the testimony was also that that's the only sexual contact that happened at the hotel. If you look at page 51 lines 13 and 14, which I should have highlighted more in my brief, a point of reflection. After giving the account of this penetrative break at the hotel, the question is asked, and is that the last time Jerry touched you? Yes. Well, that would have been right, right? Because, I mean, we're talking, well, the check-in, that's when the rape is alleged to have occurred. And then on the 17th, so you're saying on the 17th where they did some things according to her testimony at the state hearing, but it didn't go any further than that because they had to check out. So you're saying the inconsistency lies there. That's one of the inconsistencies. At the preliminary hearing, she was asked, what happened at the hotel? And she says, he touched me inappropriately upon checkout, but we had to move out or get out of the room. And so that's as far as it went. That's as far as it went, but far as it went in that particular incident. I mean, I guess the point is, it's a question of how specific one is when you're asking questions, because, I mean, as it relates to that specific incident on the 17th, that is as far as it went. If there is an event on the 17th, that's inconsistent with her trial testimony. She testified at trial effectively, nothing happened after the night of check-in. She said, that's the last time that he touched me. And in the context, that obviously is referring to sexual contact. So if her answer had been, well, that was, yeah, I said that, but we were talking about the check-in and what I testified to here was talking about the rape that happened after, immediately after, I'm sorry, close to checkout versus checking in, then that's also inconsistent, because she said nothing happened after the night of checking in. So it's inconsistent. Well, nothing, could she have been referring to actual rape though, when she said nothing happened? She said that that's the last time he touched me. Okay, the night of check-in. Yes. And this is what she said at trial. At trial, she said that after describing the rape, that's the last time Jerry touched me. And the other thing about these questions is, one of the questions was, you testified that there was no rape at the hotel. On the day of check-in, out, I mean, on the day of check-in. It's not qualified as to time. I think it can be read that way, right? It can be read that way. Only by adding words to the question that aren't there. And to a great extent, what's happened here is cross-examination has been cut off before it can even start. We can speculate that, well, what if the answer had been this? What if the answer had been that? But when counsel gets around to the point in the cross-examination of asking, you said this stuff didn't happen, objection, and it's not allowed. And it wasn't allowed because the trial court said it'd been asked and answered, right? The first question, the trial court said asked and answered, is there an objection? And the objection that was made and ruled upon was improper impeachment, which is somewhat vague. And that was sustained. And then the question was revised to, you testified that there was no rape at the hotel, objection, improper impeachment, asked and answered, sustained. And it's not improper impeachment. It's actually an attempt to introduce substantive evidence. And these questions simply had not been asked and answered. The only way that there had been an answer to these questions previously was the witness saying, I don't really remember what I testified to, which was followed by an invitation to review the preliminary hearing testimony. And then the witness says, okay, now that's my testimony. And she'd said that before. And in this case, the proof of the offense conduct is the story of this trial. That's it. We've got agreement that he took her to the hotel. Under what theories is substantive evidence? Help me with that. It is substantive because it is a, it is a statement that she made that is inconsistent with her prior trial testimony. Yes. And I understand that to be a ground for impeachment that doesn't answer the question under, under 801, a prior statement under oath where the witness is given an offer, has the opportunity to explain the prior question, which could have happened had, had the witness been required to answer is substantive proof. Do we have a preservation problem? Because that aspect of your argument that you advance on appeal about substantive evidence was not litigated in the district court. No, the, the question, the question is the objections, improper impeachment. The question for you is, was that a valid objection? It was excluded. What, what the transcript would have actually shown is in the record. The government has not on this issue, as best I can tell, said that there's not an offer of proof. The, the content of the expected answer is included in the question. So you're asking us to rely on context, context, and then subsequently the transcript is provided and really for the purpose of just demonstrating, we are not playing fast and loose with the court. This, this, this existed. There's only a little bit of the transcript provided. Is that just a, is that right? I want to make sure that we're not missing anything in the record. It's just the entire transcript was not submitted. Counsel, as I understand it, made the decision that they wanted to include this, the, just the parts that they were asking the witness about. The government has never contended that there is some other part of the preliminary hearing transcript that discusses this supposed rate on the night of check-in. So if, if the contention is the offer of proof is insufficient, it's difficult for me to figure out how to respond to that. We have such, what we really have is a story that at the preliminary hearing is so different that the government's position is, well, it's talking about something else. But the witness's trial testimony establishes that if she's talking about something else, that's also inconsistent because she said there wasn't a something else. She said, I was raped when we checked in and that's the last time Jerry touched me. About the hunting rifle issue and limits on cross-examination about the hunting rifle, the government's position in its brief is, one, there was no limitation really as it relates to the question of whether she was allowed to use the hunting rifle in that particular incident, in that particular time period. And two, that it was an illogical argument to make in light of the fact that she had access to the hunting rifle. So I didn't see any response in your reply brief to either one of those arguments, and therefore, why isn't that weighed? The government is correct that the answer was given. The record still reflects, though, that the way this happened is there was an objection. The court invited an explanation for why it's relevant, which was it would be unusual to rape a person and then give them a loaded firearm. That doesn't make sense. That's not what a rational person would do. And the court sustained the objection with that explanation being made on the record, which is indicating to the jury you're not to consider it for that. Well, help me, help me, because that's not my recollection. My recollection is what the court barred was a reference to a prior incident in which the rifle was used, that the court did not bar a line of questioning as it relates to whether she had access to a rifle in that particular temporal period where the rape supposedly took place. I mean, that's not what I think the government alleged in its brief, and that's not my recollection of the record. What am I missing there? My recollection of the record, and the record will speak for itself, is that the question was asked when you left the hotel the next morning, you went hunting, and Jerry gave you a rifle. Objection. Counsel, what's the relevance of that? Well, I wouldn't give a rifle to someone that I just raped. That doesn't make sense. Well, you missed her response in there. The question is when you went hunting, did Jerry give you a gun? Answer, 22. Okay. The question, okay, and you had shot, I think, the same 22 with him before, right? Answer, yes. Then the government's objection. I'm going to object to relevance. What's the relevance, counsel? And then defense counsel proffers the... So it did come in. The objection was then sustained. Right. That's... The other issue that I raise is the DHS interview, which is just another example of... And the DHS report is not in the record, right? It is not. And so how would you have laid a foundation for that specific argument, I mean, that specific line of questioning without the report actually being in the record? The same way that other inconsistencies were addressed in the witness's testimony. Ask her, did you say this? If she said no, the report would be used for refreshing recollection, and she could answer. The report would have been used for refreshing recollection, but the report is not in the record, and the court excluded the report, right? Correct, but it being excluded doesn't prevent... To the extent it's being used to refresh a witness's recollection, it would not have prevented counsel from saying, hey, here's what you said previously. So it's another... We're cutting off the whole process by just saying, no, you can't ask about this prior statement. In a case that depends completely on this story. How were you trying to get this in? Was it under Rule 613? I thought that was your argument. Well, it's just previously you said... You were asked, have you ever been sexually abused? She was asked that at a time when she testified at trial. But you'd already tried to get in the whole, apparently the report itself, which we don't have, but you'd already tried to get that in and had been barred pre-trial, right? The court ruled that prior allegations that somebody else had sexually abused TC was not going to come in. Under 412? Under 412. But that is completely different from... There was a time you were interviewed. They asked you in a conversation where Mr. Asbell was brought up, have you ever been sexually abused? Has anybody done anything sexual to you? As they would do in a general way in an interview without leading who did it. And she said, no, I have not. And so then she comes into trial... We don't even know that, because we don't have the report. We don't know what was said or who asked her what. We have an offer of proof that counsel made that if she answers truthfully, I expect her to say these things. That there was a report, there was an investigation, you were asked about sexual abuse and you said there hadn't been any. Well, this is about questioning about a prior statement, so you do have to show opposing counsel's statement before you question her about it. Did that happen? No, but the ruling was you're not allowed to ask for... Well, why not though? I mean, did you even try? Did you have the report there available? Did you say, okay, this is what I'm going to do with this report? She made this inconsistent statement in response to a specific question and I'm trying to get it in under 613. Here it is. Let me ask her. Did any of that happen? No. An offer of proof was made by counsel that this is what I expect her testimony to be. And the court was saying, you're not to get into the DHS investigation period, even for the purpose of showing that there was a flat out denial of any sexual abuse as of that time when she testified that there had been a year's long series of abuse. And so the jury doesn't have the benefit of knowing that when asked, she said, I've not been sexually abused at a time that at trial she testified she'd been abused many, many times. And this is in the context of a case where my client stands convicted based on her story. We're way over. Yes. Thank you. Thank you.  Good morning. Lisa Williams representing the United States of America. I think I want to start where we left off, briefly discuss the DHS report, and then turn it into a consistent statement argument. First of all, there was no offer of as to what the DHS report contained. Colloquy that happened at trial was the court said, you're not getting into it. And then the court said, do you have anything else to add? And one defense counsel, Mr. Boydell told the other quote, making record of the questions. And then Mr. Kohler said, all right, these are the questions I would ask your honor. And then a list of questions follows. That is not an offer of proof. In fact, I would quote Chief Judge Holmes from 45 minutes ago, when he said an offer of proof relates to what the witness would have testified to. There is nothing in this record about what the DHS report contained. And the DHS report is not on record. And it's, it's the government's in a bit of a tough situation here. We have no objection to defense counsel moving to supplement the record in this case, because to add the DHS report, because the representations made about what are in the DHS report are not true. This little girl was simply never asked during the DHS interview, have you ever been sexually abused? Because we all know that doesn't happen in these types of interviews. And the problem is that we all owe a duty of candor to the court when we're representing things. And the fact of the matter is the DHS report doesn't say that. And that is why, and here's the thing, defense counsel knows that. And that's why he doesn't make an offer of proof because he, at the district court, he cannot say that this is what the testimony would be. So his offer are, these are the questions that I would want to ask. And we also know that defense counsel understands the difference because later on trial testimony on page 263 of the transcript, he does make an offer of proof with respect to court exhibit two. And he says, I would request to enter in just parts of the transcript from yesterday. It was beat as an offer of proof. So this attorney understands the difference between making an offer of proof and providing a list of questions he wanted to ask. Well, he says he couldn't, couldn't do that because the court had told him that report's not coming in, period. Move on. And, and your honor, it's not coming in in front of the jury. But for example, he could have asked, I would like permission then when the witness is done testifying in front of the jury to excuse the jury and conduct and ask her questions, ask her these questions and get her testimony to preserve the record for appeal. That's one way that, that, and that, that is the proper way to preserve a record and make your offer of proof. He also could have waited until break because again, that's what he did with the preliminary transcript at, waited for a break at the end and said, I also want to make an offer of proof regarding the DHS report. This is relevant. So he could have even admitted it as court exhibit three. Are you saying that you agree that, uh, with defendant that there is a distinction between admitting the report fully for whatever it says, which is that the report was unsubstantiated and, uh, admitting a portion of the report, um, as an inconsistent statement regarding prior abuse? Well, because that's what he's, he makes that distinction because he, one argument is made prior to trial. It's just not admissible under four 12. And then he tries something else at trial, which is what we're talking about now. Correct. Are you, are you conceding that that's a valid distinction to begin with? No, because in, in no scenario should the report be admitted that it's, it's the substance of the report, right? That, that wants to be admitted at trial. Now, if he's allowed to explore an inconsistent statement, then he, he could have said, and you previously, and in fact did say, right, you had an opportunity to disclose in August of 2018, that you were being sexually abused and you never did that. And she said, yes, she said no, because of the way the question was framed, but she agreed that, yes, I had this opportunity to disclose that I did it. If she would have said, no, that's not true. He could have, I think the government would concede it would be proper to try to refresh her recollection with the report and show it to her. But that doesn't mean it gets admitted, right? That doesn't make it separate because when you refresh recollection, then if she still said, this refreshes my recollection and it doesn't help, well, guess what? You're stuck with the answer because we're not going to impeach on extrinsic evidence. That's 608. In the refreshing of elections, uh, uh, recollection scenario that you alluded to, would there have to be any reference to what the item is that is refreshing the recollection? No, I don't think so. Your honor. I think the, I think the parties could have navigated through and that's what the court wanted to, because there's a reference that they weren't even allowed to refresh the election recollection with the DHS report. And the court said, you can do that. You just can't call it the DHS report. Okay. So there's an exchange of that sort in the record. Yes, there is your honor. And the government knows that in its brief. And so I think the court's concern was they don't want the jury to know that this is a DHS investigation. That's what the court is concerned about limiting what we're calling the report, but he did allow, or the court did allow counsel to, to go ahead and use the report if they wanted to. You just couldn't call it a DHS report. So, you know, I'm handing you a document. I'd like you to turn to page four. Does this refresh the record? That would have been entirely acceptable under the court's ruling. Counsel chose not to do that. So the record before the court, this court as to what the DHS report is, what it contains is, is scant. There was an offer of proof in the original defense filing on the rule 412 motion. So, so what is, as it relates to this specific challenge, what is your top line rationale for why this specific challenge fails? Well, I mean, we talked about a lot of stuff. If we were writing this opinion, what is the top line? It's, it's, it's the, don't give me a blizzard of details. I know you don't like a blizzard. It's tricky because they make three really different arguments with respect to the report, right? And one argument is that they wanted to talk to her about the molestation that happened with her brother. Yes. Okay. That's not coming in under 412. That is, that is purely a 412. You don't fall into the constitutional right exception of 412C. The district court ruled on that. It doesn't go to motive or bias to lie. So with respect to, you were previously molested by your older brother, 412 bars such. Although they do challenge that again on appeal, that pretrial ruling, or at least I read them to be challenging it. In their reply brief, they make the extraordinary argument that because she was molested by her brother, she's not engaging in sexual behavior, seeming to read some sort of consent requirement into rule 412 in order for a victim to fall under the protection of such a rule, which no case in this country has ever interpreted encouraged in that manner, your honor. And it would directly contravene the underpinnings and concerns that rule 412 gets at to suggest that it does so. And that's the government's response to that. So, so with respect to the prior sexual abuse, 412 prohibits. That's the government's top argument. Then they say we wanted it because it shows a false report. There's no evidence that this is false. That's the top line argument is you're not allowed to question when there's no basis to question. The DHS report finds that the allegations made, by the way, by third parties, right? TC doesn't call up DHS and say, my older brother's molesting me. Third parties from a family picnic claim that this is happening. And so the DHS reports unsubstantiates the findings. Well, that is not the same thing as a finding that TC lied. So top line argument on that, your honor, no evidence of it. Then the third and final argument about the DHS report is that they wanted to show that she previously denied any sexual abuse. One, the top line argument is there's no evidence in the record that that evidence exists. But then the secondary argument, which I believe is just as strong, is they are allowed to explore with TC that she had an opportunity to disclose and that she failed to disclose. And that is basically what they wanted out of it. What they want, I mean, and to the extent that they wanted to ask, you are asked, have you ever been sexually abused? And you said, I've never been sexually abused. Such a broad question has serious relevancy issues. Because why is it relevant whether or not TC was abused by anybody else, right? What's relevant, what they want to show is you are asked if you were sexually abused and you said Mr. Aspel has never sexually abused me. That's the proper scope. Well, it certainly could be relevant if it was close in time. It was similar allegations of abuse and it might have explained why this little girl had some knowledge of these terms and activities that she presumably wouldn't have had knowledge of. There certainly could be relevance. I think you could craft a factual situation, yes, Your Honor, where we get to that. Obviously, there's no facts in this record to support that. But the question he's allowed to ask at trial that he gets his answer to is you had an opportunity at the end of August in 2018 to disclose sexual abuse, but you didn't, did you? And she says, no, as in no, I didn't disclose the abuse. That's in the trial and then there's no mention of it at closing. I'm away from my top line argument now, right? But there is still this harmless error analysis hanging over, right? So he got in the main point is that she could have told somebody about this and she never did. And now they're arguing that he needed just a little bit differently worded question and somehow that slightly differently worded question, that's what would have tipped the scales and gotten him his acquittal. And the government in its harmless error argument says, no, that's not right. Should we be thinking at all about Rule 403 and evaluating how the 412, Rule 403 of course is always hanging over the balance. And the district court did express concerns under Rule 403 with the DHS interview. And that of course is what is the, you know, it's relevant, but what is the probative value here? How much bang for the buck does it give you? And then you have to weigh it against the risk of unfair prejudice, confusion to the jury or confusion of the issues and all of the other 403 factors. And again, and the argument I was just making, I think feeds into that 403 analysis, that balancing, because you have to look at, you just wanted to ask your question slightly different. And in doing so, it's not probative and you risk all of these really dangerous things. So just, I wanted to clarify what the government's position is on this though, because on appeal, your arguments on this point seem to be 412 and no offer of proof, right? Our primary, I do think we note that the district court made the Rule 403 ruling and that this court can affirm because it's evidentiary. This court can affirm under any theory supported by the totality of the evidence. So turning now with a minute and 30 seconds left to the prior inconsistent statement, I think what's really important is to walk the court through what happens here. And he says, with the prior inconsistent statement, you testified at the preliminary hearing that you didn't have sex at the hotel. She says, I don't remember. He goes, let me refresh your recollection. He hands her the transcript, the court exhibit two. She reads it and she goes, did that refresh your memory? She goes, I read it and it didn't help. Well, now that he's stuck, like, so it did not refresh her recollection. So at that point in time, this is trial ad 101, you are stuck with the witness's answer. So when he continues to ask that same question and the government objects, asked and answered, it's because that question was in fact asked and answered. She said, I don't remember testifying that way. He refreshed her recollection. She says, this doesn't help. And then after that, he continues to ask her, but she still doesn't remember. That's the testimony. So the court's objection at that time is entirely proper to Sarah Buck. And again, the whole test, the problem also with this is it's confusing to this 14-year-old girl. And I know the court doesn't like me to get outside the record, but later on at that hearing, she does testify to penetrative sex taking place at the hotel room. So she's confused because he's saying, you never said this. And in the back of her mind, she's probably thinking, I did say that. That's not right. I don't understand his question. They show her four pages that doesn't help. And she says, this doesn't help. I don't remember it this way. And then they don't show her the rest of her testimony. That's the problem with the prior inconsistent statement argument is that the district court did not abuse its discretion because of the way that the questions and answers are asked. A lot of it, and I see them over time, if I may just have a few seconds to wrap up. It's not the questions that defense counsel wishes were asked or wanted to be asked or should have been asked. It's the questions that were asked at the trial that this court has to look at. And when you look at the questions that were asked, there is no way to find that the court abused its discretion in this court for the phone. Thank you. Thank you. Cases submitted. Thank you, counsel, for your fine argument.